In re Travelers















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-360-CV

IN RE TRAVELERS LLOYDS INSURANCE COMPANY

 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

DISSENTING OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â My colleagues focus on only one aspect of this mandamus. They essentially ignore the
prospect of having to waive the attorney client privilege or waive the use of evidence critical for
its defense. In this petition for writ of mandamus, Travelers has argued that if it is put to trial on
the extra-contractual issues that it will be forced to make a choice. Travelers must either choose
to waive the attorney client privilege that exist with regard to communications with its coverage
attorney, or assert the privilege and forego the use of the very evidence that will explain to the
jury the actions for which it is being sued. Where the law will allow, litigants should not be
forced to such a choice.
Â Â Â Â Â Â The fact that there may be âlittle likelihoodâ that the contractual issues will lead to a factual
dispute, because âit appearsâ the damages are liquidated, are of no comfort to a litigant which may
have to choose between waiving one of the most fundamental rights of our legal systemâthe
attorney client privilegeâor availing itself of all available evidence to defend itself. I have not
concluded that I would grant the petition, but I do believe that this petition presents substantive
issues not resolved by Liberty National and would request a response before taking any action on
the petition. See Liberty Nat. Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex. 1996). 
Accordingly, I would stay discovery on the extra-contractual issues until the petition is decided.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Dissenting opinion delivered and filed November 1, 2001
Publish



'text-align:center'>
Â 




 
 
 
 
 
 
 


Â 

Â 



No. 10-04-00110-CV

Â 

In the Interest of B.R.S. and A.N.S.,

Children

Â 

Â 



From the 378th
District Court

Ellis County, Texas

Trial Court No.
62,686

Â 



O p i n i o n



Â 

Lewis Seward and Carol Seward
(Grandparents) sought to modify the parent-child relationship to seek
court-ordered access to B.R.S. and A.N.S. 
Their November 2005 petition was opposed by both their son Jacob Seward
and their former daughter-in-law Deanna Seward, who had divorced in October of
2002.

Without hearing evidence on the
merits of the GrandparentsÂ claim, the trial court found the grandparent
visitation statute, sections 153.432 and 153.433 of the Family Code,
unconstitutional and dismissed the claim.Â 
Tex. Fam. Code Ann. Â§Â§
153.432, 153.433 (Vernon 2002). Â The
Grandparents appeal.

The sole issue before us is whether
the statute is facially unconstitutional under Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147
L.Ed.2d 49 (2000).Â  We review the trial
courtÂs finding under an abuse of discretion standard.Â  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex.
1982).

In 2001, the Austin Court of Appeals
held that the statute is not unconstitutional on its face.Â  Lilley
v. Lilley, 43 S.W.3d 703, 712 (Tex.
App.ÂAustin 2001, no pet.).Â  Other courts
of appeals have agreed with that holding.[1]Â  In re
C.P.J., 129 S.W.3d 573, 578 (Tex. App.ÂDallas 2003, pet. denied); In re Pensom, 126 S.W.3d 251, 254 (Tex.
App.ÂSan Antonio 2003, no pet.).

We join those courts in holding that
the grandparent access statute is not unconstitutional on its face.Â  Tex.
Fam. Code Ann. Â§Â§ 153.432, 153.433.Â 
Thus, we hold the trial court abused its discretion in dismissing the
claim by the Grandparents.Â  See Gillespie, 644 S.W.2d at 451; Lilley, 43 S.W.3d at 712.Â  We reverse the trial courtÂs dismissal order
and remand the cause for further proceedings under the statute.

Â 

Â 

BILL VANCE

Justice

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Â Â Â Â Â Â Â Â Â  (Chief Justice Gray dissenting)

Reversed and
remanded

Opinion
delivered and filed May 25, 2005

[CV06]











Â Â Â  [1]Â Â Â Â Â Â  We cite these cases only for the holding
of facial constitutionality, not for their discussions of how the statute is to
be applied.