**Kenneth GILLESPIE, Petitioner,**

v.

**Lois Marie GILLESPIE, Respondent.**

**No. C–1241.**

Supreme Court of Texas.

Nov. 3, 1982.

Sparks & Hawthorn, G. Patrick Black, Beaumont, for petitioner.

Robert P. Walker, Port Arthur, for respondent.

RAY, Justice.

Pursuant to a decree of divorce rendered in the matter of the marriage of Kenneth Gillespie and Lois Marie Gillespie and in the interest of their minor child, Sarah Marie, the father was appointed managing conservator of the child. Trial was to the court. This appeal concerns the custody award. On the sole point of error assigned, the court of appeals, with one justice dissent-

ing, determined that certain hospital records containing references to Mrs. Gillespie's treatment for alcoholism were inadmissible under Tex.Rev.Civ.Stat.Ann. art. 5561h, § 2. The trial court's judgment was reversed and the case remanded for a new trial. 631 S.W.2d 592. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

We do not find it necessary to reach a determination whether article 5561h, § 2 prohibits the introduction of hospital records in cases involving the parent-child relationship.[1]

In reviewing a cause tried before the court, the appellate court generally assumes that the trial court disregarded any incompetent evidence. The admission of such evidence will generally not require reversal of the judgment when there is competent evidence to authorize its rendition. *Merrell v. Merrell*, 527 S.W.2d 250 (Tex.Civ. App.—Tyler 1975, writ ref'd n.r.e.). We have reviewed the entire record of this case and we cannot say that the error, if any, in admitting the hospital records, calls for a reversal of the trial court's judgment. *See, Gomez Leon v. State*, 426 S.W.2d 562 (Tex. 1968). The admission of such evidence was not calculated to cause and probably did not cause the rendition of an improper judgment. *See, King v. Skelly*, 452 S.W.2d 691, 696 (Tex.1970). If the evidence concerning the hospital records were to be omitted from the record, there remains sufficient evidence in the statement of facts to support the trial court's determination that the appointment of the father as managing conservator served the best interest of the child. Independent of the hospital records, and the predicate laid for the introduction thereof, the evidence adduced as to the wife's alcoholism and multiple hospitalizations includes her own admissions and corroborating testimony. Witnesses testified

---

1. Article 5561h, § 2 provides:

(a) Communication between a patient/client and a professional is confidential and shall not be disclosed except as provided in section 4 of this Act.

(b) Records of the identity, diagnosis, evaluation, or treatment of a patient/client which are created or maintained by a professional are confidential and shall not be disclosed except as provided in section 4 of the Act. . . .

that she was intoxicated while caring for the child and drove while intoxicated with the child in the car. There is evidence that Mrs. Gillespie was hospitalized less than two months before the final decree of divorce.

 The trial court is given wide latitude in determining the best interests of a minor child. *Leithold v. Plass,* 413 S.W.2d 698 (Tex.1967); Tex.Fam.Code Ann. §§ 14.01 and 14.07. The judgment of the trial court will be reversed only when it appears from the record as a whole that the court has abused its discretion. We hold that the trial court did not abuse its discretion in awarding custody of the minor child to her father. There is sufficient competent evidence to support the trial court's determination that the best interest of the child would be served by appointing her father as managing conservator, irrespective of the evidence adduced by admitting the hospital records. *Herrera v. Herrera,* 409 S.W.2d 395, 396 and 399 (Tex.1966); *Mumma v. Aguirre,* 364 S.W.2d 220 (Tex.1960); *see also, Lott v. Lott,* 605 S.W.2d 665, 669 (Tex. Civ.App.—Dallas 1980, writ dism'd); *Watts v. Watts,* 390 S.W.2d 30, 32 (Tex.Civ.App.— El Paso 1964, writ ref'd n.r.e.).

Accordingly, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.