Diana S. PEÑA, Petitioner,

v.

Omar Ismael PEÑA, Respondent.

No. 99–0321.

Supreme Court of Texas.

Dec. 2, 1999.

Richard Bruce Gould, McAllen, for Petitioner.

Alfredo Morales, Roel (Robbie) Flores, McAllen, for Respondent.

ris v. Collins, 916 S.W.2d 527, 531 & n. 3 (Tex.App.—Houston [1st Dist.] 1995, no writ)

PER CURIAM.

Petitioner challenges a divorce decree establishing her and her former husband as joint managing conservators of their son. She argues that she presented "credible evidence" of a "history or pattern" of domestic violence, and thus that the trial court could not appoint joint managing conservators under Texas Family Code § 153.004(b). In affirming the trial court's judgment, the court of appeals correctly recited that the trial court is vested with wide discretion in determining custody issues. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982). However, we disapprove of the following language in the court of appeals' opinion:

> In the present case, the two hitting incidents left Diana with a black eye each time. However, Diana's testimony only vaguely connects the two hitting incidents as both having been precipitated by arguments over Omar's ex-wife and daughters. We do not know who initiated the arguments, whether the hittings were provoked in any manner, or what other factors may have contributed to either or both incidents, or any other relevant details that may show a relationship, connection or predictable "pattern" of physical abuse.

986 S.W.2d 696, 699. These considerations are not relevant to determining whether there was physical abuse or a history or pattern of domestic violence under the statute.

The petition for review is denied.