In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00034-CV


______________________________





IN THE MATTER OF THE


MARRIAGE OF


STEVE LEON SMITH, II, AND


TAMI RENEE SMITH


AND IN THE INTEREST OF


RANDALL CLIFF SMITH,


A MINOR CHILD







 


On Appeal from the 6th Judicial District Court


Fannin County, Texas


Trial Court No. 34,632




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Tami Renee Smith appeals the trial court's judgment concerning conservatorship
and support of Randall Cliff Smith ("Randy"), (1) a minor child who was five years old at the
time of the divorce. After a bench trial, Steve Leon Smith, II, was appointed sole managing
conservator of Randy. Tami was appointed possessory conservator and was ordered to
pay Steve child support of $208.00 per month. 

 In her points of error, Tami alleges: (1) the trial court failed to consider family
violence committed by Steve when it appointed Steve as sole managing conservator; (2)
the appointment of Steve as sole managing conservator is a violation of Tex. Fam. Code
Ann. § 153.004(b) (Vernon 2002); (3) the trial court abused its discretion by considering
whether Steve was provoked into the family violence; and (4) the trial court abused its
discretion by concluding it was in the best interest of the child for Steve to be appointed
sole managing conservator. 

 Randy is the only child of the marriage. Tami has two older children, a boy and a
girl. Steve filed for divorce June 20, 2001. Before filing for divorce, Steve and Tami were
separated for three months. At the time of their separation, Steve continued to live in the
five-bedroom rental home he and Tami had occupied during their marriage. This home
was located within two miles of Steve's parents' residence. Tami and her children,
including Randy, lived with Tami's sister and brother-in-law and their daughter. Steve
testified that, about two weeks after they separated, Tami brought Randy to live with him,
where he stayed for approximately two months. During this time, Steve was employed as
a backhoe operator in his father's business, a job he had held for the past eight years. 
With the help of day care, Steve was able to care for Randy. During this two-month period,
Randy spent Saturday nights with Tami. After these two months, Randy returned to live
with Tami in the home of Tami's sister and her family. The two boys shared a room, and
the two girls shared a room. Tami was employed as a receptionist at a glazing company,
a job she had held for approximately six months. Tami's sister took Randy to school each
day, and her brother-in-law or mother picked him up from school. Tami's brother-in-law
was at home with the children after school until Tami and her sister returned home from
work. This was Randy's living arrangement for approximately one month before Steve filed
for divorce. After that, the trial court signed temporary orders appointing Steve and Tami
joint temporary managing conservators, with Tami having the exclusive right to establish
Randy's primary residence. During the pendency of the divorce, Tami and Randy
continued to live with Tami's sister and her family. Steve was given standard visitation
rights under the temporary orders of the court and was ordered to pay Tami temporary
child support. 

 The trial court is given wide latitude in determining the best interest of a minor child,
and the judgment of the trial court will be reversed only when it appears from the record
as a whole that the court has abused its discretion. Gillespie v. Gillespie, 644 S.W.2d 449,
451 (Tex. 1982). An abuse of discretion occurs when the trial court's actions are arbitrary
and unreasonable and without reference to any guiding rules or principles of law. Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). In a review applying
an abuse of discretion standard, the legal and factual sufficiency of the evidence are not
independent grounds of error, but are treated as relevant factors in assessing whether the
trial court abused its discretion. In re Marriage of Bertram, 981 S.W.2d 820, 822 (Tex.
App.-Texarkana 1998, no pet.).

 In Tami's first point of error, she contends the trial court failed to consider credible
evidence of physical abuse by Steve committed within the two years preceding his filing
for divorce. Tex. Fam. Code Ann. § 153.004(a) (Vernon 2002) states: 

 In determining whether to appoint a party as a sole or joint managing
conservator, the court shall consider evidence of the intentional use of
abusive physical force by a party against the party's spouse, a parent of the
child, or any person younger than 18 years of age committed within a two-year period preceding the filing of the suit or during the pendency of the suit.


 The record reflects the following "official" documentation of violence by Steve:

 1) March 22, 1998 - Steve was arrested for assault against his
mother. The police report stated that, during an argument,
Steve slapped his mother in the face.

 

 2) July 15, 1999 - Steve was arrested for deadly conduct. 
According to police reports, Steve drove his truck into Tami's
vehicle. Then, Tami's vehicle slid into their residence and also
hit Tami's right leg. 

 

 3) September 14, 2000 - Steve was arrested for assault against
Tami and an emergency protective order was issued. 
According to police reports, Steve and Tami were arguing
about Randy's bath. Ultimately, Steve pushed Tami on top of
her daughter and held them down. The daughter managed to
get up and call 9-1-1. No one was physically injured during this
incident. 


 The trial court admitted these reports, as well as testimony concerning the above
incidents, into evidence. Tami also testified concerning other incidents of violence. She
testified Steve first struck her when she was pregnant with Randy. Tami also testified
Steve had "backhanded" her, resulting in her suffering a bloody lip and a black eye, and
that Steve once threw her down on some boxes, which left her bruised. 

 As noted, Section 153.004(a) imposes a mandatory consideration of family violence
occurring within two years preceding the filing of divorce. Although the trial court admitted
evidence of the incident that occurred March 22, 1998, because the petition for divorce
was filed June 20, 2001, this incident is not within the mandatory two-year period. 

 It is fair to presume the trial court did consider all of the evidence offered by Tami,
because the court admitted all of it into evidence, including the March 1998 incident. Tami
has not directed us to anywhere in the record showing the trial court did not consider this
evidence. Merely because the court appointed Steve sole managing conservator does not
mean the trial court did not consider this evidence. Tami's first point of error is overruled. 
 In her second point, Tami contends the appointment of Steve as the sole managing
conservator was a violation of the statutory presumption against appointing a person with
a history or pattern of abuse. Tex. Fam. Code Ann. § 153.004(b) provides as follows:

 It is a rebuttable presumption that the appointment of a parent as the sole
managing conservator of a child or as the conservator who has the exclusive
right to determine the primary residence of a child is not in the best interest
of the child if credible evidence is presented of a history or pattern of past or
present child neglect, or physical or sexual abuse by that parent directed
against the other parent, a spouse, or a child.


 If there is credible evidence of a history or pattern of past physical abuse by a parent
against the other parent, there is a presumption that the appointment of that parent as the
sole managing conservator of a child is not in the best interest of the child. Tex. Fam. Code
Ann. § 153.004(b). This statute expressly makes this presumption a rebuttable one. 
Hence, even if the trial court finds the evidence sufficient to trigger this presumption, it may
also find that other evidence rebuts this presumption. 

 Tami presented the evidence of violence by Steve toward her described above. 
Steve, on the other hand, presented testimony that Tami had also engaged in family
violence. Although Steve's testimony about Tami's family violence was sometimes
contradictory, when asked why Tami did not have a conviction for such violence, Steve
answered, "[b]ecause I didn't call her in [to the police]." In addition to this evidence, other
testimony was given concerning Steve's ability to care for Randy. Several witnesses
testified positively about Steve's parenting skills and his ability to provide for the needs of
a small child. Steve further offered testimony about the home environment he could
provide for Randy. He testified about the size of his house and the furnishings there. 
Steve's mother testified that Randy enjoys the yard and the animals at Steve's home. She
further testified that, because Steve works for his parents, his job is secure. 

 Even if the trial court found the statutory presumption applicable to Steve, the other
testimony concerning family violence committed by Tami, Steve's home environment, his
financial stability, and the care he is able to provide Randy was sufficient to rebut this
presumption. The trial court listened to the testimony presented by Tami as well as to the
testimony presented by Steve. Ultimately, the trier of fact may believe one witness and
disbelieve another. Bertram, 981 S.W.2d at 824. At the end of the trial, the trial court
stated, "on the issues beyond that where there was conflict on the facts of the case, the
simple fact is that I believe Mr. Smith and his witnesses and I did not believe Mrs. Smith
and her witnesses." 

 Because there was sufficient evidence for the trial court to determine that the
presumption under Section 153.004(b) had been successfully rebutted, it was not an abuse
of discretion for the trial court to appoint Steve as Randy's sole managing conservator. 
This point of error is overruled.

 As her third point of error, Tami contends the trial court abused its discretion by
considering whether Steve was provoked into violence against her. The Texas Supreme
Court has stated that provocation is not relevant to determining whether there was physical
abuse or a history or pattern of domestic violence. Pena v. Pena, 8 S.W.3d 639 (Tex.
1999). 

 There was testimony given by both Steve and other witnesses concerning Tami's
provocation of Steve. At the end of the trial, and while discussing Steve's appointment as
sole managing conservator, the trial court stated, "I've got to decide between two people
who have admittedly - I guess admittedly, at least each of them have had a number of
flaws in their character in various ways." Then later, in closing, the court made an off-hand
reference to Steve having been "provoked into a lot of this." When the court made the
statement about Steve having been provoked, it is not clear the court was talking about
violence. The statement was made right after the court had discussed both drinking and
violence. So, whether the reference to provocation was directed toward one or both of
these activities is unclear. Further, there is no mention of provocation in the trial court's
findings of fact and conclusions of law. Therefore, there is no clear indication in the record
that the trial court relied on the testimony concerning provocation in its decision to appoint
Steve the sole managing conservator of Randy. We do not believe the Texas Supreme
Court's holding in Pena concerning provocation is applicable to the context in which the
trial court made its off-hand comment in this case. This point of error is overruled.

 In her fourth and fifth points of error, Tami contends it was an abuse of discretion
for the trial court to conclude the best interest of the child was served by appointing Steve
as the sole managing conservator, because there was evidence of family violence
committed by Steve and because public policy is to provide a safe, stable, and nonviolent
environment for the child. (2) 

 When determining the best interest of a child, the Texas Supreme Court has given
a suggested list of factors to consider: (1) the desires of the child; (2) the emotional and
physical needs of the child now and in the future; (3) the emotional and physical danger
to the child now and in the future; (4) the parental abilities of the individuals seeking
custody; (5) the programs available to assist these individuals to promote the best interest
of the child; (6) the plans for the child by these individuals or by the agency seeking
custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of
the parent which may indicate the existing parent-child relationship is not a proper one; and
(9) any excuse for the acts or omissions of the parent. Holley v. Adams, 544 S.W.2d 367,
371-72 (Tex. 1976). This list is only suggestive, meaning the courts may consider
additional factors and are not required to apply all of the listed factors. Overall, the trial
court is given wide latitude in determining the best interest of a minor child, and the
judgment of the trial court will be reversed only when it appears from the record as a whole
the court has abused its discretion. Gillespie, 644 S.W.2d at 451.

 Because Randy was only five years old at the time of the divorce, the desire of the
child was not an appropriate consideration in determining custody in this case. However,
other factors suggested by the Texas Supreme Court may be applied. The trial court heard
the testimony concerning family violence offered by both Tami and Steve. This evidence
is clearly applicable to the second and third factors. However, nowhere was there
evidence of abuse toward Randy by either parent. The court also heard testimony about
where both Steve and Tami were currently living, which was relevant to the second and
third factors. With regard to the fourth factor, the court heard testimony that both parents
are able to adequately care for Randy. The court listened to testimony about the
relationship of both parents with Randy and undoubtedly took into consideration Tami's
own testimony that Randy loves to be with Steve. The testimony about the living
arrangements of both parents was applicable to the sixth and seventh factors, which
concern the plans for the child and the stability of the home available to the child.

 After all the testimony and evidence was presented, the trial court determined it was
in Randy's best interest for Steve to be appointed sole managing conservator. There was
sufficient evidence under the Texas Supreme Court's suggested factors for the trial court
to make this determination. Because the trial court has wide latitude in determining the
best interest of a child, it was not an abuse of discretion for the trial court to appoint Steve
sole managing conservator. 


 We affirm the judgment.



 Donald R. Ross

 Justice 



Date Submitted: September 13, 2002

Date Decided: October 3, 2002


Do Not Publish


 
1. The parents call the child Randy.
2. Tex. Fam. Code Ann. § 153.001(a)(2) (Vernon 2002) states this public policy.