In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-576 CV


____________________



IN THE INTEREST OF C.A., C.A., AND S.A., MINOR CHILDREN






On Appeal from the 411th District Court


San Jacinto County, Texas


Trial Court Cause No. 11,539






MEMORANDUM OPINION


 Charlotte Manor filed a motion to modify the conservatorship of her children and
sought the right to determine their primary residence. Manor appeals the trial court's
denial of her modification motion. 

 Upon divorce from Manor in November 2002, Matthew Augustine was named sole
managing conservator of the three minor children, C.A., C.A., and S.A., and was given
the right to establish their primary residence. The order placed "special restrictions" on
Manor's possession of and access to the children and further ordered that she should "not
permit, allow, or acquiesce to Terry Ray James . . . ever being in the presence of or under
the same roof as the children . . . under any circumstance, for any reason, for any length
of time." In October 2003, Manor filed her motion to modify. At the hearing on the
motion, both Manor and Augustine appeared pro se. 

 Under the applicable portions of section 156.101 of the Texas Family Code, the trial
court may modify the conservatorship of a child only if the modification is in the child's
best interest, and the circumstances of the child, a conservator, or other party affected by
the order have materially and substantially changed since the date of rendition of the order.
See Tex. Fam. Code Ann. § 156.101 (Vernon Supp. 2004). The party moving for
modification has the burden of proving the occurrence of "material and substantial
change." In re Knott, 118 S.W.3d 899, 902 (Tex. App.--Texarkana 2003, no pet.); In re
P.D.M., 117 S.W.3d 453, 463 (Tex. App.--Fort Worth 2003, pet. denied). 

 The reviewing court gives wide latitude to a trial judge's decision on custody,
control, possession, and visitation, and will reverse the lower court's order only if it
appears from the record as a whole that the trial court abused its discretion. Gillespie v.
Gillespie, 644 S.W.2d 449, 451 (Tex. 1982); see In re C.P.J., 129 S.W.3d 573, 576 (Tex.
App.--Dallas 2003, pet. denied). A trial court abuses its discretion when it acts arbitrarily
or unreasonably, without reference to any guiding rules or principles. Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990). 

 Manor first complains there was no written finding limiting her parental rights and
duties, as required by the Family Code. Section 153.072 provides the "court may limit
the rights and duties of a parent appointed as a conservator if the court makes a written
finding that the limitation is in the best interest of the child." Tex. Fam. Code Ann. §
153.072 (Vernon 2002). The divorce decree names Manor as possessory conservator,
restricts her possession of and access to the children, and finds the restriction to be in the
best interest of the children. The written finding in the order satisfies the statutory
requirement. Manor further contends the restriction violates Texas public policy to
"assure that children will have frequent and continuing contact with parents who have
shown the ability to act in the best interest of the child . . . ." Tex. Fam. Code Ann. §
153.001 (Vernon 2002) (emphasis added). However, Manor's arguments and the evidence
presented to the trial court are directed, not at easing the restriction placed upon her, but
at showing a material and substantial change that would support a conservatorship
modification. Manor is asking the court to name her sole managing conservator. But
considering the evidence that Manor is living with Terry James, the person she is ordered
not to allow around the children, it is difficult to see how she has shown "the ability to act
in the best interest of the child." 


 

 Manor next contends C.A., C.A., and S.A. are in danger at their father's home. (1) 
Manor points to the following evidence: Donna Miller, who lives with Augustine, is an
admitted drug user; the neighbor Booger, who uses drugs and who allegedly made
inappropriate sexual remarks to S.A., has been in Augustine's home; the home is dirty;
and Augustine pays little attention to the children. Yet the record also shows Booger no
longer is allowed on Augustine's property. And though Miller volunteered the information
about her drug abuse, there is no indication she currently uses drugs. The two girls do not
like Miller, but their dislike may arise from her efforts to bring discipline and structure to
the home. Miller makes the children do chores and requires them to obey. There is also
evidence the father is "[v]ery loving, very understanding" with the children. He takes
them for checkups, helps with homework, and does not leave them alone. And though
Miller believes Augustine has not always paid as much attention as he should to the
children, he is "making progress with them." The pastor testified Augustine is a good
father. And a woman in the neighborhood testified Augustine has been in the community
for twenty years and is well-respected. She indicated Augustine does not leave the
children alone. 

 Terry James, the person whom the divorce decree orders Manor to never allow
around her children, testified he and Manor do not live at the same address any longer. 
However, two of the children testified James still lives with their mother. Each child told
the trial judge that he or she wants to live with Augustine, not Manor. 

 The record does not show a material and substantial change in the circumstances of
the children, the managing conservator, or the possessory conservator, or that the children
are in danger. (2) There is evidence the children are supervised and well-cared for, and they
have discipline and structure. We find the trial court did not abuse its discretion in
denying the modification. The statutory standard -- material and substantial change -- was
not met. We need not address the trial court's conclusion that placing the children in
Manor's primary care would not be in their best interest, because Manor has not
established the material and substantial change requirement. Manor's issues are
overruled.

 The trial court's order is affirmed.

 AFFIRMED. 


 PER CURIAM 


Submitted on July 14, 2004 

Opinion Delivered July 29, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Manor makes other assertions -- that Donna, the woman living with Augustine, is
restricted from seeing her own children and that Augustine sent S.A. away. No evidence
supports the first claim. As to the second, apparently S.A. lived with Augustine at the
time of the modification hearing and requested to continue living with him. Neither the
record nor these assertions demonstrate a material and substantial change in circumstances
or support a claim that a change of conservatorship would be in the child's best interest. 

2. Manor also challenges finding of fact eight which refers to testimony concerning
Terry James at the October 2002 divorce hearing. Although the divorce decree is in the
record, the divorce hearing testimony is not. Even so the evidence is sufficient otherwise
to support the trial court's conclusion that there has been no material and substantial
change in circumstances. Manor also complains of an omitted finding, but any omission
that might have occurred was not brought to the trial court's attention.