IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00213-CV

 

In the
Interest of C.A., C.A. and S.A.,

minor
children,

 

 

 



From the 411th District Court

San Jacinto County, Texas

Trial Court No. 11539

 



MEMORANDUM  Opinion



 

In 2002, Charlotte Augustine Manor and
Matthew Augustine were divorced according to a court-approved agreed divorce
decree.  According to the terms of the agreement, Matthew was appointed Sole
Managing Conservator, and Charlotte was appointed Possessory Conservator of
their three children.  In 2004, Charlotte filed a motion for enforcement and
contempt findings and a motion for modification of conservatorship.  The trial
court denied both of these motions, and Charlotte now appeals in four issues:
(1) abuse of discretion by refusing to find Mathew in contempt of court; (2)
abuse of discretion by refusing to name her managing conservator of S.A.; (3)
abuse of discretion by refusing to find Matthew liable for interference with
her possessory rights; and (4) whether a mandamus will issue when a court refuses
to enforce its own orders.




ISSUE ONE: CONTEMPT

Charlotte argues that the trial court should have held
Matthew in contempt for failing to produce S.A. at the hearing on her motions.

The trial court ordered Matthew to
produce all three children at the hearing on Charlotte’s motions.  Matthew produced
two of the children and the following dialogue appears in the record:

THE COURT: Okay.  I need both of you - - do you
have any other witnesses here in the courtroom that you want to testify?

 

MS. MANOR: Yes, my three kids.  But the other
two ain’t here, and I want to hold him in contempt to the order of the court
for that.

 

It appears that the trial judge did not rule on
her “request” for contempt.  Regardless, there is nothing in the record to show
that Charlotte requested a ruling on her “request” or that she objected to the
court’s refusal to rule.  Tex. R. App.
P. 33.1.  Thus, Charlotte has not preserved her complaint for appeal.  We
overrule issue one.

ISSUE TWO: MANAGING CONSERVATOR

Charlotte argues that because Matthew has voluntarily
relinquished the primary care and possession of S.A. to Robin Manor[1]
for six months, Charlotte should be appointed managing conservator.

The Family Code states:

The court may modify an order that provides for
the appointment of a conservator of a child, that provides the terms and
conditions of conservatorship, or that provides for the possession of or access
to a child if modification would be in the best interest of the child and:

 

 . . .

 

(3) the conservator who has the exclusive right
to designate the primary residence of the child has voluntarily relinquished
the primary care and possession of the child to another person for at least six
months.

 

Tex. Fam. Code Ann. § 156.101(3) (Vernon Supp. 2004-05) (emphasis
added).  The party seeking modification has the burden to establish these
elements.  In re T.D.C., 91 S.W.3d 865, 871 (Tex. App.—Fort Worth 2002,
pet. denied).  The best interest of the child must be the court’s primary
concern in such proceedings.  Tex. Fam.
Code Ann. § 153.002 (Vernon 2002); In re T.D.C., 91 S.W.3d at
873.

We review a trial court’s decision
on a motion to modify conservatorship under an abuse of discretion standard.  Gillespie
v. Gillespie, 644 S.W.2d 449, 451 (Tex. 1982). The trial court’s order will
not be disturbed on appeal unless the complaining party can show a clear abuse
of discretion.  Id.  The trial court is in the best position to observe
the demeanor and personalities of the witnesses and can “feel the forces,
powers, and influences that cannot be discerned by merely reading the record.” 
Jeffers v. Wallace, 615 S.W.2d 252, 253 (Tex. Civ. App.—Dallas 1981, no
writ).  The test for abuse of discretion is whether the trial court acted in an
arbitrary and unreasonable manner, or whether it acted without reference to any
guiding principles.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 242 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90
L.Ed.2d 721 (1986).  An abuse of discretion does not occur as long as some
evidence of a substantive and probative character exists to support the trial
court's decision. Jenkins v. Jenkins, 16 S.W.3d 473, 477 (Tex. App.—El Paso 2000, no pet.). 

A hearing was held on Charlotte’s motion to modify conservatorship, and the trial court entered a written order
after the hearing.  The trial court filed findings of fact that state: (1) the
two children who testified denied any bad conduct by Matthew;[2]
and (2) the testimony at the divorce proceeding showed Terry James[3]
had a prior felony conviction and was accused of improper conduct with the
minor children when they were in the custody of Ms. Manor.[4] 
The trial court’s conclusions of law state: (1) Circumstances of the children
have not changed; and (2) it would not be in the children’s best interest for
them to be in the primary care of their mother.

We find that the trial court did not
abuse its discretion in denying Charlotte’s motion for modification of
conservatorship.  See Tex. Fam.
Code Ann. §§ 156.101(3), 153.002; In re T.D.C., 91 S.W.3d at 871,
873.  We overrule issue two.

ISSUE THREE: ENFORCEMENT

Charlotte states that she was refused visitation on
August 17, 2003.  She argues this interfered with her possessory rights and the
trial court should have enforced the divorce decree against Matthew and held
him in contempt.

At the hearing on this motion, Charlotte did not adduce any evidence relating to any incidents on August 17, 2003.  We
overrule issue three.

ISSUE FOUR: MANDAMUS

Charlotte asks whether a mandamus will issue when a court
refuses to enforce its own orders.  This is a request for an advisory opinion. 
Courts have no jurisdiction to issue advisory opinions.  Tex. Const. art. II, § 1; Speer v.
Presbyterian Children's Home & Serv. Agency, 847 S.W.2d 227, 229 (Tex. 1993).  We overrule issue four.

CONCLUSION

Having overruled all of Charlotte’s issues, we affirm the trial court’s denial of both of her motions.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed July 20, 2005

[CV06]








 









    [1]       We
believe Robin Manor is S.A.’s grandmother.





    [2]       S.A. did not testify at the hearing.

 





    [3]       We
believe Charlotte had a relationship with Terry James.  The present nature of
this relationship is unclear although Terry testified at the hearing on Charlotte’s motions.

 





    [4]       We
believe the court is referring to Charlotte Augustine Manor in this finding.