Opinion filed June 7, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed June 7, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00369-CV 

                                                    __________

 

                               IN THE INTEREST OF J.I.O., A CHILD 

 



 

                                         On
Appeal from the 340th District Court

                                                     Tom Green County, Texas

                                              Trial
Court Cause No. C-04-0803-F

 



 

                                             M
E M O R A N D U M   O P I N I O N

 

Alisha Tashae Clayton appeals from the trial court=s order granting Johnny Antuan Orr=s petition to modify the parent-child
relationship of J.I.O.  We affirm.

Alisha and Johnny were married on December 15,
1998, and J.I.O. was born on March 19, 2001. 
Alisha and Johnny ceased living together as husband and wife on July 17,
2003.  A child support review order
approved by the trial court on February 18, 2004, designated Alisha and Johnny
as joint managing conservators with Alisha having the right to determine the
primary residence of the child.  The trial
court entered a divorce decree on September 3, 2004, that ACONFIRMED and continue[d] in full force
and effect@ the
child support review order.








Johnny filed a petition to modify on November 22,
2004, seeking to be named the conservator with the right to determine the
primary residence of J.I.O.  On December
22, 2004, the trial court entered temporary orders naming Johnny as the joint
managing conservator with the right to determine the primary residence of the
child.  The trial court entered its final
order granting Johnny=s
petition to modify and naming him as the conservator with the right to determine
the primary residence of J.I.O.  The
trial court also ordered Alisha to pay $150 per month in child support.

In her first and third issues on appeal, Alisha
argues that the trial court erred in granting the modification of
conservatorship and naming Johnny as the conservator with the right to
determine the primary residence of the child. 
We review a trial court=s
order modifying conservatorship under an abuse of discretion standard.  Gillespie v. Gillespie, 644 S.W.2d
449, 451 (Tex. 1982); Jenkins v. Jenkins,
16 S.W.3d 473 (Tex.
App.CEl Paso
2000, no pet.).  The test for abuse of
discretion is whether the trial court acted in an arbitrary and unreasonable
manner or whether it acted without reference to any guiding principles.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex.
1985).  The mere fact that a trial court
may decide a matter within its discretionary authority in a different manner
than the appellate court in a similar circumstance does not demonstrate that an
abuse of discretion occurred.  Downer,
701 S.W.2d at 241‑42;  Bates v.
Tesar, 81 S.W.3d 411, 424 (Tex.
App.CEl Paso
2002, no pet.); Jenkins, 16 S.W.3d at 477.  The trial court is in the best position to
observe the demeanor and personalities of the witnesses.  Bates, 81 S.W.3d at 424.  Thus, an abuse of discretion does not occur
as long as some evidence of a substantive and probative character exists to support
the trial court=s
decision.  Id.

 While legal
and factual sufficiency issues are not independent grounds of error in cases of
this nature, they are factors that can be considered in determining whether an
abuse of discretion has occurred.  In
re T.D.C., 91 S.W.3d 865, 872 (Tex. App.CFort
Worth 2002, pet. denied).  An appellate
court makes a two‑prong inquiry when it determines whether legal or
factual insufficiency has resulted in an abuse of discretion:  (1) whether the trial court had sufficient
information upon which it might exercise its discretion and (2) whether the
trial court erred when it applied that discretion.  In re T.D.C., 91 S.W.3d at 872; Bates,
81 S.W.3d at 425.  The sufficiency review
is related to the first inquiry.  If it
is revealed in the first inquiry that there was sufficient evidence, then we
must determine whether the trial court made a reasonable decision, and that
involves a conclusion that the trial court=s
decision was neither arbitrary nor unreasonable.  Bates, 81 S.W.3d at 425.








In analyzing a legal sufficiency or no‑evidence
issue, an appellate court must consider the evidence in the light most favorable
to the challenged finding and must indulge every reasonable inference that
would support it.  A reviewing court must
credit favorable evidence if a reasonable fact‑finder could and disregard
contrary evidence unless a reasonable fact‑finder could not.  The appellate court must determine whether
the evidence at trial could enable reasonable and fair‑minded people to
find the facts at issue.  A no‑evidence
challenge may be sustained only when (1) the record discloses a complete
absence of a vital fact, (2) the court is barred by rules of law or of evidence
from giving weight to the only evidence offered to prove a vital fact, (3) the
only evidence offered to prove a vital fact is no more than a mere scintilla,
or (4) the evidence conclusively establishes the opposite of a vital fact.   City of Keller
v. Wilson, 168 S.W.3d 802 (Tex. 2005).

When we consider legal sufficiency in this
context, if there is any probative evidence that supports the trial court=s finding, then there is no abuse of
discretion.  Bates, 81 S.W.3d at
425.  This remains true even though we
might have found the issue otherwise; we cannot substitute our judgment for
that of the trial court.  Id.

Tex. Fam.
Code Ann. ' 156.101
(Vernon Supp. 2006) provides in relevant part:

The court may modify an order that provides for
the appointment of a conservator of a child, that provides the terms and
conditions of conservatorship, or that provides for the possession of or access
to a child if modification would be in the best interest of the child and:

 

(1) the circumstances of the child, a conservator,
or other party affected by the order have materially and substantially changed
since the earlier of:

 

(A) the date of the rendition of the order;  or

 

(B) the date of the signing of a mediated or
collaborative law settlement agreement on which the order is based.

 

Johnny filed his petition to modify on November 22, 2004.  The petition was filed within one year of
both the child support review order and the divorce decree.  Therefore, Johnny was required to comply with
Tex. Fam. Code Ann. ' 156.102 (Vernon Supp. 2006), which
states in relevant part:








 (a) If a
suit seeking to modify the designation of the person having the exclusive right
to designate the primary residence of a child is filed not later than one year
after the earlier of the date of the rendition of the order or the date of the
signing of a mediated or collaborative law settlement agreement on which the
order is based, the person filing the suit shall execute and attach an
affidavit as provided by Subsection (b).

 

(b) The affidavit must contain, along with
supporting facts, at least one of the following allegations:

 

(1) that the child=s
present environment may endanger the child=s
physical health or significantly impair the child=s
emotional development;

 

(2) that the person who has the exclusive right to
designate the primary residence of the child is the person seeking or
consenting to the modification and the modification is in the best interest of
the child; or

 

(3) that the person who has the exclusive right to
designate the primary residence of the child has voluntarily relinquished the
primary care and possession of the child for at least six months and the
modification is in the best interest of the child.

 

Johnny filed the affidavit required by Section 156.102 with his
petition to modify.  In the affidavit,
Johnny alleged that the present living arrangements of J.I.O. and Alisha=s relationship with a registered sex
offender may endanger J.I.O.=s  physical health or impair her emotional
development. 

At the hearing on the petition to modify, Johnny
testified that, after his divorce from Alisha, he learned that Alisha was
living with Aaron Thomas, a registered sex offender.  Johnny also learned that Alisha was pregnant
with Aaron=s child.

Alisha and Aaron purchased a house together in
January 2004.  Alisha did not inform the
trial court at the divorce hearing that she owned a house, and she did not tell
Johnny that she had purchased the house with Aaron.  Alisha was pregnant with Aaron=s child at the time of the divorce
hearing; however, she did not inform that trial court or Johnny that she was
expecting a child.    Alisha testified at
the hearing that she and Aaron purchased the house together but that Aaron does
not live in the house with her.  Alisha
stated that Aaron lived with his mother, four houses down from the house he and
Alisha purchased together.  Alisha
testified that she was not employed and that she was dependent on Aaron
financially.  Alisha further testified
that J.I.O. had not been around Aaron since the trial court entered its
temporary orders in December 2004.








Alisha testified that her brother Elijah was
living with her in the home she purchased with Aaron.  The record does not show that Elijah was
living with her at the time of the divorce decree.  Elijah was not employed, and he had
previously used crack cocaine.  Elijah
also had a conviction for assaulting a police officer.

Johnny testified that, since J.I.O. has been
living with him, her social skills have greatly improved.  J.I.O. and Johnny live in Arkansas with his parents.  J.I.O. has many friends, and she also has
family in Arkansas.  Johnny testified that J.I.O. has benefitted
by living in Arkansas with him, and Johnny=s mother testified that it would be in
J.I.O.=s best
interest to remain in Arkansas
with Johnny. 

The trial court did not abuse its discretion in
finding that the circumstances of the child, a conservator, or other party
affected by the order have materially and substantially changed since the
divorce decree was rendered and that modification was in the best interest of
J.I.O.  Alisha was in a relationship with
a registered sex offender (Aaron), and they had a child together.  Neither the trial court nor Johnny was aware
that Alisha was pregnant at the time of the divorce.  Alisha and Aaron owned a home together, and
Alisha was financially dependent on Aaron.  
Again, the trial court and Johnny were not informed that Alisha and
Aaron owned a home together.   There was
conflicting evidence on whether Alisha and Aaron live together in the home they
own together; however, the record shows Aaron was very present in Alisha=s life. 
Alisha testified that she did not Asee
a problem@ with
Aaron taking care of J.I.O.  Alisha=s brother, a former drug user with an
assault conviction, lived in the home with Alisha.   

There is some evidence of a material and
substantial change in circumstances, and the evidence is not so contrary to the
overwhelming weight of the evidence as to be clearly wrong and manifestly
unjust.  The trial court had before it
sufficient information upon which it might exercise its discretion, and based
upon the evidence and the applicable law, the trial court did not err in the
application of that discretion.  See
In re T.D.C., 91 S.W.3d at 872. 
After a consideration of all of the factors relating to an abuse of discretion
in cases of this nature, we hold that the trial court did not act in an
arbitrary and unreasonable manner and did not act without reference to guiding
principles.  Alisha=s first and third issues on appeal are
overruled.








In her second issue on appeal, Alisha argues that
the trial court abused its discretion in ordering her to pay child support to
Johnny.  Tex. Fam. Code Ann. '
154.001 (Vernon Supp. 2006) provides that the trial court may order either
parent to pay child support until the child is eighteen years of age, graduates
from high school, or is emancipated through marriage or removal of the
disabilities of a minor.  The amount of
support ordered for the benefit of a child shall be determined without regard
to the sex of the obligor, obligee, or child or the marital status of the
parents of the child.  Tex. Fam. Code Ann. ' 154.010 (Vernon 2002).  The trial court did not abuse its discretion
in ordering Alisha to pay $150 per month in child support.  Alisha=s
second issue on appeal is overruled.

The judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

June 7, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.