

IN THE
TENTH COURT OF APPEALS

_____

No. 10-11-00233-CV

IN THE INTEREST OF
A.L.H., G.F.H., AND B.J.H., CHILDREN,

_____

From the 220th District Court
Hamilton County, Texas
Trial Court No. FM10909

## MEMORANDUM  OPINION

Billy Joe Hollingsworth, III appeals from the trial court's Order in Suit to Modify the Parent-Child Relationship.  We affirm.

### Background Facts

Billy Joe Hollingsworth, III and Sharon Lee Hollingsworth were divorced in 2010.  They were named joint managing conservators of their three children, A.L.H., G.F.H., and B.J.H.  Billy Joe was named the conservator with the right to establish the primary residence of G.F.H. and B.J.H. within Hamilton County, Texas, and Sharon was named the conservator with the right to establish the primary residence of A.L.H. within Hamilton County.

On January 24, 2011, Billy Joe filed a petition to modify the parent-child relationship seeking to have the geographic restriction removed so that he could move G.F.H. and B.J.H. out of the State of Texas. The trial court granted the motion and modified the decree to remove the restriction on the domicile of G.F.H. and B.J.H. The Order provided that Sharon would have visitation based upon the "over 100 miles" provisions of the divorce decree beginning in the summer of 2011.

## Argument

In his sole issue, Billy Joe complains that the trial court abused its discretion in requiring him to violate the truancy laws of the State of Colorado to comply with the visitation schedule. We review a trial court's decision in a case concerning a modification of conservatorship under an abuse of discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion if it acts arbitrarily or without reference to guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

In his petition to modify, Billy Joe asked the trial court to remove the restriction requiring him to live in Hamilton County. The trial court granted the petition to modify and removed the restriction. The original divorce decree contained a provision for visitation if the parents resided more than 100 miles apart. The petition to modify did not seek to modify that provision. The record does not show that any evidence was presented to the trial court that the visitation schedule violated the truancy laws of the State of Colorado. Billy Joe has not shown that the trial court abused its discretion in granting the petition to modify. We overrule the sole issue on appeal.

**Conclusion**

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 23, 2012
[CV06]