

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00838-CV

John Paul **GOMEZ**,
Appellant

v.

Vanessa Lopez **GOMEZ**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-06296
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  November 13, 2013

AFFIRMED

Appellant, who is pro se, challenges two provisions of the parties' Final Decree of Divorce: changing the name of the parties' two children from Gomez to Lopez and ordering that appellant "shall have no right to possession or access to the children . . . ."  We affirm.

### DISCUSSION

The parties have two daughters together, and appellee has one daughter from a former relationship.  In the divorce proceedings, appellee asked that her last name and the name of her two children with appellant be changed from Gomez to Lopez, her maiden name.  On appeal,

appellant asserts the trial court abused its discretion in allowing the name change because he did not agree. Appellant also asserts the trial court erred in permanently enjoining him from visiting his daughters because there is no evidence in the record of any domestic violence.

The Texas Family Code allows for a child's name to be changed if the change is in the best interest of the child. TEX. FAM. CODE ANN. § 45.004(a) (West 2008). The court has wide discretion in determining whether it is in the child's best interest to grant or deny an application for name change. *G.K. v. K.A.*, 936 S.W.2d 70, 73 (Tex. App.—Austin 1996, writ denied). We apply an abuse of discretion standard when reviewing a trial court's determination that denying a parent contact with his or her child is in the child's best interest. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982) (trial court has broad discretion to decide child's best interest in family law matters such as custody, visitation, and possession); TEX. FAM. CODE ANN. § 153.002 ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child.").

Here, the trial court heard testimony from both appellant and appellee that appellant has been in prison since 2009 for sexually assaulting three children, one of whom was appellee's daughter from a former relationship, "E.T." Appellee testified E.T. is still struggling with the assault and is in extensive counseling. Appellee said that when E.T. is around her younger sisters, it becomes an "issue" that the two girls have the same last name as the man who sexually assaulted E.T. Appellee responded "yes" when asked if the different names were "causing a problem with the bonding and their relationship." Appellee believed it was in her daughters' best interest if appellant had no contact with them based on his sexual assault of three other young girls, one of whom was his step-daughter.

Appellee testified appellant has seen his youngest daughter only once because she was an infant when he went to prison. The other daughter was about two years old when he went to prison.

He has had no other contact with the girls or involvement in their lives. Appellant, who testified telephonically, stated he last saw both girls in 2009 just before he was taken to prison. He said he would be released in 2038, at which time the two girls would be in their forties. Although he did not want the girls' last name changed, appellant acknowledged "it would be easier for them to be Lopez." He said the only way he could visit with the girls while in prison would be through a window.

On this record, although appellant did not consent to the name change, we conclude the trial court did not abuse its discretion in ordering the change. We also conclude the trial court heard evidence from which it could reasonably determine that enjoining appellant from contact with or access to his two daughters was in their best interest.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice