# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00739-CV

**Matthew Grubb, Appellant**

**v.**

**Kellie Powell, Appellee**

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT**
**NO. 423-596, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Matthew Grubb appeals from a final order of the district court denying Grubb's petition to modify the parent-child relationship as to the two children of his former marriage to appellee Kellie Powell. Finding no abuse of discretion, we will affirm the order.

The parties had previously been named joint managing conservators, with Powell having the exclusive right to determine the children's residency, and Grubb in his petition had sought to wrest that right from her. Grubb's allegations and evidence centered chiefly on allegations that the oldest of the two children, a daughter then ten years of age, had been physically manhandled by their stepfather (Powell had remarried) on two occasions, causing ongoing fear in both children.[1] While the daughter was permitted to testify and gave an account generally consistent with Grubb's

---

[1] One incident involved the child's forcible removal from the top of a bunk bed after she refused to obey her mother's commands to go take a shower. The other involved the stepfather's restraint of the girl after she persisted in snapping other children with a bandana.

narrative (though the record reflects that she threw up afterward), Powell and the stepfather gave controverting, benign explanations of the events in question. The ad litem further opined that, based on her investigation, the girl (who by all accounts was extremely bright, articulate, and savvy) had been fabricating or greatly embellishing her claims of violence as a means of manipulating all of the adults into loosening the disciplinary reins. Beyond this, the evidence focused on the relative merits of the children's present home life in or near Smithville with Powell, the stepfather, and four other children from a prior marriage of the stepfather[2] versus living in Abilene with Grubb, a soon-to-be new wife, and a younger half-sibling that this couple was then expecting.

To obtain the desired modification, Grubb had the burden of proving by a preponderance of the evidence that (as applicable here) (1) the circumstances of the children, the conservators, or other parties affected by the orders had "materially and substantially changed" since the prior order, and (2) the modification would be in each child's best interest.[3] In its order denying Grubb's petition, the district court explicitly determined that "the material allegations in the petition . . . are not true and that the requested modification is not in the best interest of the children." On appeal, Grubb urges that the district court "erred" in failing to find a material and substantial change in circumstances or that the requested modification would be in the children's best interest. We need only address the best-interest determination.[4]

---

[2] The stepfather's mother also lived in the home.

[3] *See* Tex. Fam. Code § 156.101(a); *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied).

[4] *See* Tex. R. App. P. 47.1.

2

We review a trial court's determination under an overarching abuse-of-discretion standard[5] having two components—(1) whether the trial court had sufficient evidence upon which to exercise its discretion (i.e., traditional legal or factual sufficiency review), and, if so, (2) whether the trial court erred in its application of that discretion to those facts.[6] A trial court abuses its discretion if it acts arbitrarily and unreasonably or without regard to guiding rules or principles.[7] A trial court's exercise of discretion in regard to a child's best interests may be informed by the familiar *Holley* factors.[8]

On appeal, Grubb seems to argue, as if before a trial court, that the evidence is sufficient to permit affirmative findings on various *Holley* factors and that these factors point to a determination that the requested modification is in the children's best interest. But as these arguments translate to our present appellate context and the limitations on our review powers, they amount to an invitation for us to second-guess the witness-credibility determinations made by the trial-level fact-finder (here, the district court), re-weigh the evidence bearing on the best-interest determination, and exercise the district court's discretion ourselves. We must decline each of these

---

[5] *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).

[6] *Zeifman*, 212 S.W.3d at 588.

[7] *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

[8] *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976); *Zeifman*, 212 S.W.3d at 595. These factors, which are not exhaustive, include: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist this individual to promote the best interest of the child; (6) the plans for the child by the individual seeking custody; (7) the stability of the home; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Holley*, 544 S.W.2d at 371–72.

invitations as beyond our proper powers as an appellate court.[9] To the extent Grubb's arguments can be construed as implicating issues properly within our standard of review, such as the sufficiency of the evidence or whether the district court acted within the bounds of its broad discretion, we conclude he has failed to demonstrate any basis for reversal.

We affirm the district court's order.

_____
Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed:   July 13, 2017

---

[9] *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) (Fact-finders "are the sole judges of the credibility of the witnesses and the weight to give their testimony.  They may choose to believe one witness and disbelieve another.  Reviewing courts cannot impose their own opinions to the contrary." (citations omitted)); *Gillespie*, 644 S.W.2d at 451 ("The trial court is given wide latitude in determining the best interests of a minor child.").