

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00325-CV
_____

**IN RE C.R.W., A CHILD**

---

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 14,634; Honorable Curt W. Brancheau, Presiding

---

January 14, 2020

## MEMORANDUM OPINION

### Before PIRTLE, PARKER, and DOSS, JJ.

Appellant, V.L.E., appeals from the trial court's *Final Order in Suit Affecting the Parent-Child Relationship* appointing her possessory conservator of her daughter, C.R.W., and appointing L.E., the maternal grandmother, as permanent managing conservator in a suit initiated by the Texas Department of Family and Protective Services.[1] By two issues, V.L.E. contends (1) the evidence is legally and factually

---

[1] To protect the privacy of the parties involved, we refer to them by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019). *See also* TEX. R. APP. P. 9.8(b). The alleged father is deceased.

insufficient to support the trial court's order given the Family Code's presumption in favor of a parent over a nonparent and (2) the trial court abused its discretion. We affirm.

**BACKGROUND**

V.L.E has a history with the Department with respect to other children dating back to 2011. At the time of the underlying proceeding, which had originated as a Department intervention and a family-based case in 2017, the Department was C.R.W.'s managing conservator and C.R.W. was voluntarily placed with her maternal grandmother. At that time, V.L.E. had visitation rights with her daughter.

V.L.E.'s boyfriend has a criminal history and a history of drug use. That fact led to an agreement between the grandmother and V.L.E., through Child Protective Services, that V.L.E would not allow her child to have contact with her boyfriend.

On July 31, 2018, C.R.W. had visitation with her mother but the child was not returned to her grandmother's care following the visit. The next day, the assigned caseworker for the Department became aware that V.L.E. and her boyfriend had moved into an apartment and that the child was staying with them. The caseworker contacted V.L.E. and explained that if she did not return the child to the grandmother later that night, there would be legal consequences. V.L.E. refused to return the child due to alleged unclean conditions of the grandmother's home. V.L.E. desired a different placement for her daughter.

Suspecting drug use in the presence of the child, the Department sought and obtained a court order allowing a Department representative to transport the child to a testing facility for a hair follicle drug screen. The test revealed that the child tested positive

2

for methamphetamines. Citing concerns for C.R.W.'s safety, the Department took possession of the child on August 30, 2018, and initiated proceedings for protection, conservatorship, and termination the following day.

A year later, at the final hearing, the caseworker testified that the Department wished for C.R.W.'s grandmother to be appointed permanent managing conservator with V.L.E. being appointed as possessory conservator. No other witnesses testified. The trial court signed an order memorializing the Department's wishes and dismissed the Department from the case.

V.L.E. challenges the trial court's order. By two issues, she alleges the evidence is insufficient to defeat the Family Code's parental presumption and also alleges the trial court abused its discretion in entering its order.

### APPLICABLE LAW

When determining conservatorship between a parent and a nonparent, the Family Code provides for a presumption that appointment of the parent as the sole managing conservator is in the child's best interest. TEX. FAM. CODE ANN. § 153.131 (West 2014). "Evidence showing that the nonparent would be a better custodian of the child does not suffice, and close calls should be decided in favor of the parent." *In re M.J.C.B., Jr. and M.C.B.*, No. 11-14-00140-CV, 2014 Tex. App. LEXIS 12387, at *2-3 (Tex. App.—Eastland Nov. 14, 2014, no pet.) (mem. op.) (citing *Lewelling v. Lewelling*, 796 S.W.2d 164, 168 (Tex. 1990)). The parental presumption may be rebutted with evidence showing that appointment of the parent as managing conservator would significantly impair the child's physical or emotional development. *In re H.E.B.*, No. 07-17-00351-CV, 2018 Tex. App.

3

LEXIS 885, at \*4 (Tex. App.—Amarillo Jan. 31, 2018, pet. denied) (mem. op.) (citation omitted).

The best interest of the child is the primary consideration in determining the conservatorship of a child. TEX. FAM. CODE ANN. § 153.002. A court may use numerous factors to determine best interest. *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976). Those factors, which are not exhaustive, include (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individual seeking custody; (5) the programs available to assist the individual to promote the best interest of the child; (6) the plans for the child by the individual or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.*

### STANDARD OF REVIEW

We review a trial court's determination of conservatorship under an abuse of discretion standard. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). We will reverse the trial court's determination only if its decision is arbitrary and unreasonable. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). A conservatorship issue, such as the one before this court, is governed by a preponderance-of-the-evidence standard. *Id.* Where, as here, no findings of fact or conclusions of law were requested or filed, we presume the trial court made all implied findings necessary to support its order. *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 401 (Tex. 2016) (citing *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992)).

4

In reviewing evidence for legal sufficiency, we view the evidence in the light most favorable to the finding, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005). A factual sufficiency review requires us to examine the entire record and set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *In re A.L.H.*, 515 S.W.3d 60, 80 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). The fact finder is the sole judge of the credibility of the witnesses and the weight to be given their testimony; *City of Keller*, 168 S.W.3d at 819, and we may not substitute our judgment for that of the fact finder's even if we would reach a different answer on the evidence. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998), *cert. denied*, 525 U.S. 1017, 119 S. Ct. 541, 142 L. Ed. 2d 450 (1998).

### ANALYSIS

The caseworker testified that C.R.W. has lived with her grandmother for most of her life. C.R.W.'s past behavioral issues had improved with counseling. The grandmother's home was found to be appropriate and C.R.W. has enjoyed stability with her grandmother.

The caseworker expressed concern that in a year's time, V.L.E. had failed to complete a modified family service plan.[2] She failed to show for appointments and used her employment and lack of transportation to justify her non-compliance.

---

[2] Because V.L.E. had completed some services during prior cases with the Department, she was only asked to complete a psychosocial program, attend individual therapy, and submit to drug screening.

The Department was unable to determine exactly how C.R.W. was exposed to methamphetamines. V.L.E. and her boyfriend both tested negative for methamphetamines while the case was ongoing. V.L.E. submitted to three drug screens during the year-long case; however, her boyfriend only submitted to one drug screen during that same time period.

The Department did establish that V.L.E. moved three times during the pendency of the case and that one of those moves was prompted by an eviction. From this evidence, a reasonable fact finder might conclude that she failed to provide C.R.W. with a stable home. V.L.E. did, however, establish that she had stable employment.

C.R.W. reported to the caseworker that she loved her mother and that their visits went well. However, the caseworker testified that C.R.W. would report one version of events to him while giving a different version to a court-appointed special advocate. He also expressed his concern that the case had caused C.R.W. emotional distress.

The caseworker confirmed that the grandmother's home was stable and appropriate for C.R.W. and that C.R.W.'s behavioral issues had improved while under her grandmother's care. The evidence showed that V.L.E. had failed to complete the "watered-down version" of her family service plan in a year's time. V.L.E. offered excuses for her missed appointments and also missed some rescheduled appointments. At the time of the final hearing, she had not yet completed the limited services required by the modified family service plan. Although there was no evidence that the existing parent-child relationship was not a proper one, the evidence showed that while under her mother's care, C.R.W. was somehow exposed to methamphetamine.

6

This court acknowledges the statutory presumption of appointing the parent as the sole managing conservator during a custody dispute between a parent and a nonparent. However, that presumption is rebuttable when a child's physical or emotional development would be significantly impaired. Here, the evidence showed that V.L.E. knowingly violated an agreement with the Department by allowing her live-in boyfriend to have contact with C.R.W, and the evidence also showed that C.R.W.'s physical health was jeopardized by an unexplained exposure to methamphetamines while under her mother's care. While evidence rebutting the statutory presumption was not overwhelming, viewing that evidence under the appropriate standards for legal and factual sufficiency, we find the statutory presumption favoring a parent over a nonparent was sufficiently rebutted. We further find that the trial court's order appointing C.R.W.'s maternal grandmother as permanent managing conservator and V.L.E. as possessory conservator was neither arbitrary or unreasonable. Finding no abuse of discretion by the trial court, we overrule issues one and two.

### CONCLUSION

The trial court's *Final Order in Suit Affecting the Parent-Child Relationship* is affirmed.

Patrick A. Pirtle
Justice

7