

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-0483-CV

_____

### IN THE INTEREST OF K.M.D., A CHILD

On Appeal from the County Court at Law #1
Randall County, Texas
Trial Court No. 9032-L1, Honorable Jack Graham, Presiding

March 28, 2013

## MEMORANDUM OPINION

Before Quinn, C.J., and Campbell and Pirtle, JJ.

Appellant, the mother of K.M.D.,[1] appeals from the trial court's order appointing the Texas Department of Family and Protective Services as permanent managing conservator of K.M.D. and appointing appellant possessory conservator of the child.[2]

---

[1] To protect the child's privacy, we will refer to K.M.D.'s mother as "appellant" and to the child by her initials. Tex. Fam. Code Ann. § 109.002(d) (West 2008); Tex. R. App. P. 9.8(b).

[2] The record shows K.M.D.'s father is deceased.

Appointed counsel for appellant has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in support of her motion to withdraw. We grant the motion and affirm the order of the trial court.

Courts of this State, including this Court, have found the procedures set forth in *Anders v. California* applicable to appeals of orders terminating parental rights. *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex.App.—Amarillo 2001, no pet.). *See also In re D.E.S.,* 135 S.W.3d 326, 329 (Tex.App.—Houston [14th Dist.] 2004, no pet.); *Taylor v. Texas Dep't of Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-47 (Tex.App.—Austin 2005, pet. denied). In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record and, in her opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certifies she has diligently researched the law applicable to the facts and issues and candidly discusses why, in her professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated she has complied with the requirements of *Anders* by providing a copy of the brief to appellant and notifying her of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this Court also notified appellant of her opportunity to file a response to counsel's brief. Appellant did not file a response.

## Background

K.M.D was born in January 2002 and was ten years old at the time of the final hearing. In September 2011, K.M.D. was removed from her home because of domestic violence between appellant and appellant's boyfriend. K.M.D. lived with her paternal grandmother after her removal.

The record indicates appellant continued to maintain contact with her boyfriend, and there were additional instances of violence between them. The trial court heard testimony from the child's counselor and a caseworker concerning the detrimental effects of the child's exposure to the domestic violence, concerning her loving but hindered relationship with her mother, and concerning her stable circumstances in the care of her grandmother.

The court named the Department the child's permanent managing conservator and named appellant as permanent possessory conservator.[3]

Analysis

The standard of review for the appointment of a non-parent as sole managing conservator is less stringent than the standard of review for termination of parental rights. *See In re J.A.J.,* 243 S.W.3d 611, 616 (Tex. 2007). Unlike the standard of proof for termination of parental rights, the findings necessary to appoint a non-parent as sole managing conservator need only be established by a preponderance of the evidence. *Id.* Moreover, a trial court's appointment of a non-parent as sole managing conservator is reviewed for abuse of discretion. *Id.* (*citing Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982)).  Therefore, an appellate court will reverse the trial court's appointment of a non-parent as sole managing conservator only if it determines that it is arbitrary or unreasonable. *Id.* The court views the evidence in the light most favorable to the trial court's decision and indulges every legal presumption in favor of its judgment. *Earvin v.*

---

[3] The court also ordered appellant's current visitation with K.M.D. to continue and increased her visits, subject to a number of conditions.  The court also ordered an injunction against appellant's boyfriend, preventing his contact with K.M.D.

*Dep't of Family and Protective Servs.,* 229 S.W.3d 345, 350 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (*citing Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

To appoint someone other than a parent as sole managing conservator of a child, a court must find that appointment of a parent would "significantly impair the child's physical health or emotional development." Tex. Fam. Code Ann. § 153.131(a) (West 2012); *In re J.A.J.,* 243 S.W.3d at 616. Section 263.404 of the Family Code governs when the trial court may appoint the Department as the child's managing conservator without terminating parental rights. Tex. Fam. Code Ann. § 263.404(a), (b) (West 2012).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). No arguably meritorious challenge to the sufficiency of the evidence supporting the trial court's findings can be made on this record, nor can an arguably meritorious contention be advanced that the court's determinations reflect an abuse of discretion. Further, after reviewing counsel's brief and the entire record, we find no other potentially plausible issues which would support an appeal. *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App. 1969).

We therefore agree with counsel that there are no plausible grounds for appeal. We grant counsel's motion to withdraw and affirm the trial court's Final Order In Suit Affecting the Parent-Child Relationship.

James T. Campbell
Justice