# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00521-CV
NO. 03-13-00522-CV

**Wendi Mae Davidson, Appellant**

**v.**

**Judy Kay Davidson and Robert Lloyd Davidson, Appellees**

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NOS. C-05-0084-J & A-06-0166-J
HONORABLE BARBARA ANN L. WALTHER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wendi Mae Davidson, acting pro se, appeals final orders denying her petitions to modify the parent-child relationship to provide her increased access to her two children, T.R.D. and S.M.S.[1] We will affirm the orders.

Davidson is currently incarcerated on convictions for murdering S.M.S.'s father and related evidence-tampering.[2] At relevant times, Davidson's two children have been under the joint managing conservatorship of Davidson's parents, appellees Judy Kay and Robert Lloyd Davidson, while Davidson has been designated as possessory conservator with access restricted to

---

[1] Trial court cause number C-05-0084-J concerned Davidson's child S.M.S., while cause number A-06-0166-J concerned T.R.D. The district court adjudicated the causes together, and we have done the same with Davidson's appeals.

The appellees have not filed a brief or otherwise participated in this appeal.

[2] *See Davidson v. State*, 249 S.W.3d 709 (Tex. App.—Austin 2008, pet. ref'd).

receiving semi-annual written reports concerning the children and sending the children "seasonably appropriate greeting cards" to acknowledge certain holidays and their birthdays. Davidson has repeatedly initiated modification proceedings seeking to expand her access, mostly without success. In this latest effort, she seeks monthly in-person visitation at the prison and weekly telephone calls, relief that has been denied her in at least two prior proceedings.

To obtain the desired modifications of the orders governing her access to her children, Davidson had the burden of proving by a preponderance of the evidence that (1) the circumstances of the children, the conservators, or other parties affected by the orders have materially and substantially changed since the date of the orders and (2) the modifications would be in each child's best interest.[3] After hearing evidence and denying Davidson's petitions, the district court made explicit findings that "neither the circumstances of the child[ren], nor any of the conservators has materially and substantially changed since the prior order was entered,"[4] and that there was "no credible evidence" that increased contact with Davidson would be in the children's best interests. While we have generously construed the substance of her arguments on appeal, it is inescapable that Davidson has not challenged the district court's failure to find changed circumstances—only the best-interest findings—and we can affirm on this basis alone.[5]

---

[3] *See* Tex. Fam. Code § 156.101; *Zeifman v. Michels*, 212 S.W.3d 582, 589 (Tex. App.—Austin 2006, pet. denied).

[4] Although the order concerning S.M.S. contained language stating that "[t]he circumstances of [S.M.S.] have materially and substantially changed, in that the child has aged four (4) years since the rendition of the prior order," the subsequent findings of fact control. *Capital Sr. Mgmt. 1, Inc. v. Texas Dep't of Human Servs.*, 132 S.W.3d 71, 74 n.3 (Tex. App.—Austin 2004, pet. denied).

[5] *See, e.g.*, *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (observing that if a party seeking modification fails to show "[a]s a threshold determination . . . a material and substantial change in circumstances . . . , the petition must be denied").

Alternatively, we conclude that the district court did not abuse its discretion in determining that Davidson failed to establish that her proposed modifications were in the children's best interests. In reviewing that decision, we engage in a two-pronged inquiry, determining whether (1) the court had sufficient evidence upon which to exercise its discretion and (2) the court erred in its application of that discretion.[6] The supreme court has provided a non-exclusive list of factors to consider when evaluating the child's best interest, including the child's desires, his emotional and physical needs now and in the future, the emotional and physical danger to the child now and in the future, and the parent's acts or omissions.[7] We are mindful that "[t]he trial court is given wide latitude in determining the best interests of a minor child,"[8] which "shall always be the primary consideration of the court."[9]

Reviewing the record, there is plainly sufficient evidence upon which the district court could have exercised its discretion. It is beyond dispute that Davidson murdered S.M.S.'s father and subsequently attempted to cover up this egregious crime. Further, Dr. Johnny Burkhalter, the children's counselor for the past seven years, testified that the children were doing "extremely well" under the appellees' care, given the circumstances, but that allowing Davidson to have increased contact with the children would be only "to their detriment and not to their benefit."

---

Although Davidson is acting pro se, we are bound to apply the same procedural and substantive standards to her as with litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).

[6] *Zeifman*, 212 S.W.3d at 588.

[7] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976); *Zeifman*, 212 S.W.3d at 595. Although incarceration is a factor in determining the best interest of a child, it is not singularly dispositive. *In re C.T.E.*, 95 S.W.3d 462, 466 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

[8] *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982).

[9] Tex. Fam. Code § 153.002.

Both Burkhalter and the amicus attorney, John Caldwell, opined that the proposed modifications were not in the children's best interests.

Davidson's argument to the contrary is essentially that the district court lacked sufficient evidence on which it could have exercised its discretion. She complains that Caldwell did not interview the children prior to the modification hearing and, as she sees it, was not equipped to inform the court of the children's desires. Had Caldwell interviewed them, she maintains, the children would have expressed a desire for increased contact. Davidson's opinion regarding the children's likely desires, which she articulated to the district court, amounts to no more than speculation and although the desire of a child is a factor to consider, it is not singularly dispositive. In light of the evidence presented, we cannot conclude that any claimed error in regard to Caldwell's performance of his duties would be harmful.[10]

We overrule Davidson's issues and affirm the district court's final orders.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:  May 20, 2014

---

[10] Davidson also rehashes an argument she previously made to this Court when challenging the district court's initial conservatorship order for T.R.D. *See In re T.R.D.*, No. 03-09-00150-CV, 2010 WL 2428426, at *3-4 (Tex. App.—Austin June 18, 2010, no pet.) (mem. op.). Essentially, she argues that, because the district court had previously appointed her a possessory conservator, it impliedly found that her access to the children would not significantly endanger their physical or emotional welfare, warranting greater access to the children. We again reject this argument, for the reasons stated in our prior opinion. *See id.*; *see also* Tex. R. App. P. 47.1.

4