In the Interest of C.D.B., C.D.B., C.D.L.B., and C.D.B., Children.

No. 05-06-00326-CV.

Court of Appeals of Texas, Dallas.

March 23, 2007.

---

John Hunter Smith, Nall, Pelley & Wynne, L.L.P., Sherman, Keeli L. Rule, Bonham, for appellant.

Bi Hunt, Sherman, for appellee.

Before Justices MOSELEY, FRANCIS, and LANG.

## OPINION

Opinion By Justice MOSELEY.

Amber Dawn Armstrong (Mother) appeals the trial court's order terminating her parental rights to C.D.B., C.D.B., C.D.L.B., and C.D.B. She contends in a single issue that the evidence is legally and factually insufficient to support the jury's findings. For the reasons set forth below, we resolve her issue against her and affirm the trial court's order.

### BACKGROUND

In September 2004, the Department of Family and Protective Services (the "Department") received a report of physical abuse to C.D.B., by Paul Beckley (Father). Father reportedly struck C.D.B., leaving a handprint-sized bruise on her back while Mother was out shopping. Mother confronted Father, who admitted hitting C.D.B. Mother's father (C.D.B.'s grandfather) took the child to the police. The Department interviewed and physically examined C.D.B. on September 9, 2004, and C.D.B. made an outcry of physical abuse stating that her dad threw her. Prior to the Department's investigation, the children were under the care, custody and control of both parents. It is undisputed that Mother was not present when the physical abuse of C.D.B. occurred.

The court ordered the Department be appointed temporary managing conservator of the children and the children were placed in foster care. As part of the service plan the court ordered Mother to receive drug and alcohol assessment, treat-

ment and testing, psychological evaluation, and parenting classes. It is undisputed that Mother failed to complete the requirements of the Department's service plan.

## STANDARD OF REVIEW

■ In reviewing the legal sufficiency of the evidence to support a termination finding, we look at all of the evidence in the light most favorable to the termination finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction about the truth of the matter on which the Department bears the burden of proof. *In re J.L.*, 163 S.W.3d 79, 84–85 (Tex.2005); *In re J.F.C.*, 96 S.W.3d 256, 265–66 (Tex.2002); *Wilson v. State*, 116 S.W.3d 923, 928 (Tex.App.-Dallas 2003, no pet.). We assume the factfinder resolved any disputed facts in favor of its finding, if a reasonable factfinder could so do, and disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *J.F.C.*, 96 S.W.3d at 266. We do not, however, disregard undisputed evidence that does not support the finding. *Id.*

■ In reviewing the factual sufficiency of the evidence, we must give "due consideration" to any evidence the factfinder could reasonably have found to be clear and convincing. *Id.* (citing *In re C.H.*, 89 S.W.3d 17, 25 (Tex.2002)). We must consider the disputed evidence and determine whether a reasonable factfinder could have resolved that evidence in favor of the finding. *Id.* If the disputed evidence is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient. *Id.*

## DISCUSSION

■ Before parental rights can be terminated involuntarily, the trier of fact must find by clear and convincing evidence

that: (1) the parent has committed one of the enumerated statutory conditions, and (2) termination is in the best interest of the child. TEX. FAM.CODE ANN. § 161.001 (Vernon Supp.2006). In Mother's sole issue, she contends the evidence is legally and factually insufficient to support the termination of the parent-child relationship between her and her children. Mother briefly questions whether the evidence supports a conclusion that termination of her parent-child relationships with the children would be in their best interests, but her arguments focus on the alleged insufficiency of the evidence on the endangerment grounds. Therefore, we will address only the endangerment findings.

The jury was instructed that, in order to terminate the parent-child relationship between Mother and her children, at least one of the four statutory grounds for termination alleged in the case must be proved by clear and convincing evidence; those four grounds were that Mother:

(1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children, TEX. FAM.CODE ANN. § 161.001(1)(D);

(2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, *Id.* § 161.001(1)(E);

(3) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent

under Chapter 262 for the abuse or neglect of the child, *Id.* § 161.001(1)(O); and

(4) used a controlled substance in a manner that endangered the health and safety of the children and failed to complete a court-ordered substance abuse treatment program, or after completion of a court-ordered substance abuse program, continued to abuse a controlled substance, *Id.* § 161.001(1)(P).

Thereafter, the jury was asked a single question and given an opportunity to respond as to each child: "Should the parent-child relationship between [Mother] and between [each of the four children] be terminated?" The jury answered "yes" as to each child.[1]

The trial court was required to find only one of the statutory conditions to be true in order to terminate Mother's parental rights. *See Wilson,* 116 S.W.3d at 928. Considering the evidence in favor of the judgment, we conclude the evidence is legally sufficient to support termination under section 161.001(1)(O). It is undisputed Mother failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of their removal from the parent under Chapter 262 for the abuse or neglect. *See* Tex. Fam.Code Ann. § 161.001(1)(O).

After the children were removed, the trial court entered temporary orders specifying the actions necessary for Mother to obtain return of the children, including submitting to a drug and alcohol assessment, completing an appropriate substance abuse treatment program as indicated by the drug and alcohol assessment, submitting to drug testing, submitting to and cooperating with a psychological evaluation, attending and successfully completing parenting and personal enrichment classes, and complying with the Department's family service plan. The record indicates that Mother went for the drug assessment, but refused to sign a release and did not complete the assessment. The evidence also indicates that Mother went for the psychological evaluation several times, but never completed the process. A psychological evaluation report was prepared indicating Mother had completed some tests, was encouraged to return and complete the evaluation, but did not do so. Mother testified she did not complete all the services because she did not have transportation and was in jail at the time of some of the appointments. She also testified that the payment voucher for the evaluation expired before she could return to complete the evaluation. Mother attended only six of the fifteen visitations with her children scheduled during the sixteen month period. Based on this and other evidence in the record, the jury could have reasonably formed a firm belief or conviction that Mother failed to comply with the provisions of the court order that specifi-

---

**1.** The jury charge also instructed the jury that "[y]ou will be required to determine whether termination of the parent-child relationship in this case would be in the best interest of the child." However, the jury was never asked whether it had been proven by clear and convincing evidence that termination of the parent-child relationship between that child and Mother was in the child's best interest;

nor was the single question asked so conditioned that the jury would have been required to make such a finding in order to answer the question "yes."

The trial court's order recites that it "finds by clear and convincing evidence that termination of the parent-child relationship between [Mother] and the children the subject of this suit is in the children's best interest."

cally established the actions necessary for her to obtain the return of the children.

There is also other evidence sufficient to support termination on the remaining grounds. For example, at the time of trial Mother was in jail and had been in jail for the previous six months. She testified to a history of unstable housing and employment. Sometime in 2005, Mother had an argument with Father and attempted suicide by swallowing a large quantity of headache pills. She went into the hospital and tested positive for methamphetamine. Mother denied using methamphetamine at that time and suggested the pill bottle must have had drugs in it without her knowledge. Father testified that Mother used drugs during her pregnancy with the two youngest children. Although Mother denies using drugs while pregnant, she did testify to using methamphetamine once a month in the house with the children in the other room and admitted leaving the children with other known drug users. Furthermore, Mother was arrested on September 1, 2004, several days before the children were removed, for possession of methamphetamine.

Mother has a history of ongoing drug abuse issues resulting in her inadequate care of C.D.B. and her other children. Despite recommendations to the contrary, Mother did not seek or pursue additional treatment for her youngest child (who had jaundice) but never received medical care after the child's release from the hospital. Mother left the children with Father despite him admitting to hitting C.D.B. Mother also testified that while under her supervision the children wandered from their third floor apartment to the swimming pool across the parking lot. On another occasion one of the child set their apartment on fire due to Mother's lack of supervision. Father testified that the house was "trashed," that dirty diapers were all over the house, and that the house was infested with roaches.

After reviewing the record, including the evidence outlined above, we conclude the evidence is sufficient to produce in the mind of the trier of fact a firm belief or conviction that Mother failed to comply with the provisions of a court order that specifically established the actions necessary for the return of the children. *See* TEX. FAM.CODE ANN. § 161.001(1)(O). Further, based on that same evidence, we conclude the trial court could have formed a firm belief or conviction that termination of Mother's parental rights was in the best interests of each child. Thus we resolve Mother's issue against her.

We affirm the trial court's order.