In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00339-CV
_____

IN THE INTEREST OF K.S.

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 16-06-06557-CV

MEMORANDUM OPINION

Appellant T.S. appeals from an order terminating his parental rights to his minor child K.S.[1] At the time of trial, K.S. was sixteen months old. We affirm.

Procedural History

S.D. is the mother of K.S. Intervenors Robert and Robin Rasco ("the Rascos") acted as foster parents to K.S. at some point during the pending suit. The Rascos

---

[1] We use initials to protect the identity of the child. *See* Tex. R. App. P. 9.8. Other family members and witnesses are also identified, as necessary, with initials and designations based on their respective relationship with the children. *See* Tex. Fam. Code Ann. § 109.002(d) (West Supp. 2017); Tex. R. App. P. 9.8.

1

filed a Petition in Intervention seeking to terminate the parental rights of T.S. and S.D., and seeking to be appointed non-parent sole conservators of the child. S.D.'s parents (the "maternal grandparents") also filed a Petition in Intervention.

The case was tried before a jury. At the time of the jury trial, the Department of Family and Protective Services (the "Department") did not seek termination of parental rights as to either T.S. or S.D., and the Department sought to return K.S. to S.D. The Rascos opposed the plan of reunification and sought termination of S.D.'s and T.S.'s parental rights. The Department did not present evidence at trial for termination. The Department's position at trial was that the child should be returned to S.D.'s care. At the close of the Rascos's evidence, the Department, T.S., and the maternal grandparents joined S.D.'s motion for directed verdict, arguing that there was a lack of evidence supporting termination.

The jury declined to terminate S.D.'s parental rights and appointed her as sole managing conservator of the child. The jury found clear and convincing evidence supported at least one of the alleged predicate statutory grounds for terminating T.S.'s parental rights and that termination of T.S.'s parental rights is in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N), (O), (2) (West

Supp. 2017).[2] The trial court entered a Final Order that named S.D. as the child's sole managing conservator, dismissed the Department from the suit, terminated T.S.'s parental rights to the child under Family Code subsections 161.001(b)(1)(N) and (O), and found that termination of T.S.'s parental rights is in the child's best interest. T.S. timely filed an appeal. S.D. did not appeal. The Department filed a brief on appeal but is not seeking any relief. None of the Intervenors cross-appealed nor did they file a response to Appellant's Brief on appeal.

## Issues Presented On Appeal

In issues one and two, T.S. challenges the legal and factual sufficiency of the evidence supporting termination under section 161.001(b)(1)(N) and (O). In issue three, T.S. challenges the legal and factual sufficiency of the evidence supporting the finding that termination was in the best interest of the child.

## Underlying Facts

On June 6, 2016, the Department filed a Petition for Order to Participate in Services, naming S.D. as respondent. The affidavit in support of the petition alleged that S.D. was K.S.'s mother, and that the Department had probable cause to investigate due to a report of abuse or neglect of K.S., who was then four months

---

[2] We cite to the current version of the statutes because the amendments do not affect the outcome of this appeal.

old, based on S.D.'s having tested positive for amphetamines at the time K.S. was born. A Parent Child Safety Placement plan was prepared for S.D., which required that S.D. not use illegal substances and have only supervised visitation with K.S.

On July 6, 2016, the Department filed its First Amended Petition, naming T.S. as the "alleged father" and requesting appointment of the Department as temporary sole managing conservator of K.S. The First Amended Petition alleged that although T.S. had been served with citation, he had not responded by filing an admission of paternity or counterclaim nor had he registered with the paternity registry. The Department alleged that T.S. had endangered the well-being of K.S., had constructively abandoned K.S., had failed to comply with a court-ordered service plan, and had previously had his parental rights terminated as to another child. On July 7, 2016, the court signed an order naming the Department as temporary sole managing conservator of K.S. On December 9, 2016, T.S. filed his pro-se answer, which included a general denial and an admission of paternity as to K.S., and a request for an attorney.

On February 22, 2017, the Rascos, K.S.'s foster parents, filed an Emergency Motion to Stay Placement and Application for Temporary Restraining Order and a petition in intervention. The emergency motion alleged that on February 20, 2017, the Rascos "were notified by [the Department] that the child would be moved and

4

placed in Victoria, Texas on February 24, 2017." The Rascos requested that the trial court approve any change in placement of K.S. The petition in intervention sought termination of both S.D.'s and T.S.'s parental rights. As to T.S., the Rascos's petition in intervention alleged that T.S. had voluntarily abandoned K.S. with an intent not to return, had endangered K.S.'s well-being, had failed to provide support for K.S., had failed to comply with the court-ordered service plan, had previously had his parental rights to another child terminated, had used a controlled substance, and had engaged in criminal conduct. On February 27, 2017, the trial court appointed an attorney ad litem to represent T.S.

On March 1, 2017, the "maternal grandparents" also filed a petition in intervention, and they filed an amended petition in intervention on March 9, 2017. The maternal grandparents sought to be named joint managing conservators of K.S. and argued that appointment of S.D. or T.S. as sole managing conservator would not be in K.S.'s best interest.

On March 17, 2017, T.S. filed a counterpetition, alleging that he is K.S.'s biological father and requesting that he be named joint managing conservator of K.S. together with the child's mother S.D. In his counterpetition, T.S. alternatively requested that T.S. be appointed possessory conservator with unsupervised or at least restrictive supervised visitation.

5

The Department filed its Second Amended Petition on May 3, 2017, naming T.S. the "alleged father" of K.S. The Second Amended Petition requested that the court determine whether T.S. was K.S.'s father, sought to have K.S. returned to S.D., for S.D. to be named sole managing conservator, and to order T.S. to pay retroactive support should T.S. be determined to be K.S.'s father.

The Jury Trial

A jury trial was held on May 8 through 12, 2017. T.S. was not present at trial, although he appeared through his attorney ad litem. The jury charge asked the jury to decide (1) whether S.D.'s parental rights should be terminated, (2) whether T.S.'s parental rights should be terminated, and (3) if S.D.'s rights should not be terminated, whether S.D., the maternal grandparents, or the Rascos should be appointed managing conservator of K.S. As to T.S., the jury charge asked the jury to determine whether there was clear and convincing evidence that T.S. had committed one or more of the following acts:

> 1. . . . knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
> 2. . . . engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
> 3. . . . constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and:

6

(i) the department or authorized agency has made reasonable efforts to return the child to the parent;

(ii) the parent has not regularly visited or maintained significant contact with the child; and

(iii) the parent has demonstrated an inability to provide the child with a safe environment;

4. . . . failed to comply with the provisions of a court order that specifically established the actions necessary for him to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent for the abuse or neglect of the child; or

5. . . . used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:

(i) failed to complete a court-ordered substance abuse treatment program; or

(ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

The jury found that S.D.'s parental rights should not be terminated, that T.S.'s parental rights should be terminated, and that S.D. should be appointed sole managing conservator of K.S.

## Standard of Review

The decision to terminate parental rights must be supported by clear and convincing evidence, that is, "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." Tex. Fam. Code Ann. § 101.007 (West 2014); *In the Interest of J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). The movant must show that the

7

parent committed one or more predicate acts or omissions and that termination is in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001; *see also In re J.L.*, 163 S.W.3d at 84. We will affirm a judgment if any one of the grounds is supported by legally and factually sufficient evidence and the best interest finding is also supported by legally and factually sufficient evidence. *In the Interest of C.A.C.*, No. 09-10-00477-CV, 2011 Tex. App. LEXIS 3385, at **13-14 (Tex. App.—Beaumont May 5, 2011, no pet.) (mem. op.).

Under a legal sufficiency review, we review all the evidence in the light most favorable to the finding to determine whether "a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In the Interest of J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could and we disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible. *Id.* If no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, the evidence is legally insufficient. *Id.*

By failing to file a motion for new trial, T.S. failed to preserve his factual sufficiency complaints for appellate review. *See* Tex. R. Civ. P. 324(b)(2); *In the Interest of M.S.*, 115 S.W.3d 534, 547 (Tex. 2003); *In the Interest of J.B.*, No. 09-16-00442-CV, 2017 Tex. App. LEXIS 4543, at *21 (Tex. App.—Beaumont May 18,

8

2017, no pet.) (mem. op.); *In the Interest of A.M.*, 385 S.W.3d 74, 78-79 (Tex. App.—Waco 2012, pet. denied). Therefore, we only address whether the evidence was legally sufficient.

Statutory Predicate Grounds for Termination

In his first issue, T.S. argues that the evidence was legally and factually insufficient to terminate T.S.'s parental rights under section 161.001(b)(1)(N) of the Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(N). In his second issue, he argues that the evidence was legally and factually insufficient to terminate his parental rights under section 161.001(b)(1)(O) of the Family Code. *Id.* § 161.001(b)(1)(O).

Only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interests. *See In the Interest of A.V. and J.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (applying previous version of the statute); *In the Interest of S.F.*, 32 S.W.3d 318, 320 (Tex. App.—San Antonio 2000, no pet.) (same). Therefore, we will affirm the termination order if the evidence sufficiently establishes any statutory ground upon which the trial court relied in terminating parental rights as well as the best interest finding. *See In re A.V. and J.V.*, 113 S.W.3d at 362.

9

The jury charge asked the jury to determine whether there was clear and convincing evidence that T.S. had committed one or more of the acts that would constitute a statutory predicate for termination of parental rights as outlined in the section 161.001(b)(1)(D), (E), (N), (O), and (P) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (O), and (P). In its final order, the trial court stated that the jury found by clear and convincing evidence that T.S. had constructively abandoned K.S., had failed to comply with his court-ordered service plan, and that termination was in the best interest of the child. *Id.* § 161.001(b)(1)(N), (O), (2).

Section 161.001(b)(1)(O) allows termination of the parent-child relationship when a parent has:

> . . . failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child[.]

*Id.* "Texas courts generally take a strict approach to subsection (O)'s application." *In the Interest of C.A.W.*, No. 01-16-00719-CV, 2017 Tex. App. LEXIS 2029, at *11 (Tex. App.—Houston [1st Dist.] Mar. 9, 2017, no pet.) (mem. op.) (citing *In the Interest of D.N.*, 405 S.W.3d 863, 877 (Tex. App.—Amarillo 2013, no pet.)); *In the*

10

*Interest of A.M.M.*, No. 04-15-00638-CV, 2016 Tex. App. LEXIS 3498, at *9 (Tex. App.—San Antonio Apr. 6, 2016, no pet.) (mem. op.). Section 161.001(b)(1)(O) "looks only for a parent's failure to comply with a court order, without reference to [the] quantity of failure or degree of compliance." *In re D.N.*, 405 S.W.3d at 877.

In this case, a temporary order signed July 22, 2016, was entered as an exhibit, which ordered T.S. to undergo a psychological or psychiatric evaluation, to attend counseling sessions, to attend parenting sessions, and to submit to drug and alcohol assessment and testing. In addition, there was uncontroverted testimony by a caseworker for the Department that T.S. was made aware of a court-ordered family service plan and that T.S. failed to complete the requirements of the plan.[3] A status report prepared by two representatives of the Department in August of 2016 was entered as an exhibit. This status report stated that T.S. had not provided the Department with updated contact information and that "father has not been in contact with the Department. Father has been hostile and aggressive towards DFPS staff." Viewing the evidence as to subsection (O) in the light most favorable to the jury's finding, we conclude that the jury reasonably could have formed a firm belief or

---

[3]Appellant argues that no service plan for T.S. was offered into evidence. However, Appellant cites no authority requiring the service plan to be in evidence. *See* Tex. R. App. P. 38.1(i). We note that the clerk's record in this matter includes a copy of a service plan for T.S.

conviction that T.S. failed to comply with the provisions of a court-ordered service plan. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O); *see also In the Interest of T.B.*, No. 09-17-00230-CV, 2017 Tex. App. LEXIS 10530, at \*\*5-11 (Tex. App.—Beaumont Nov. 9, 2017, no pet. h) (mem. op.) (undisputed evidence of mother's failure to comply with court-ordered service plan was legally sufficient to support termination under subsection (O)); *In the Interest of T.T.*, 228 S.W.3d 312, 319-21, 326 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (affirming termination where the mother failed to comply with some of the requirements of the plan); *In the Interest of C.D.B.*, 218 S.W.3d 308, 311-12 (Tex. App.—Dallas 2007, no pet.) (affirming termination where mother only partially complied with service plan). Accordingly, we conclude that the jury's verdict and the final order of termination as to subsection (O) are supported by legally sufficient evidence. Having determined that the evidence is legally sufficient to support termination under subsection (O), we need not address the sufficiency of the evidence as to subsection (N). *See In re A.V.*, 113 S.W.3d at 362 (Applying former version of the statute and concluding that "[o]nly one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest."). We overrule Appellant's first and second issues.

12

Best Interest of the Child

Appellant's third issue challenges the sufficiency of the evidence supporting the finding that termination of his parental rights is in the child's best interest. Appellant argues that "no evidence" was offered at trial regarding whether terminating T.S.'s parental rights was in the best interest of K.S.

Trial courts have wide latitude in determining a child's best interest. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). Nevertheless, there is a strong presumption that the best interest of a child is served by keeping the child with his or her natural parent. *In the Interest of R.R.*, 209 S.W.3d 112, 116 (Tex. 2006); *In the Interest of D.R.A.*, 374 S.W.3d 528, 533 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Prompt and permanent placement of the child in a safe environment is also presumed to be in the child's best interest. Tex. Fam. Code Ann. § 263.307(a) (West Supp. 2017).

The Family Code outlines a number of factors to be considered in determining whether a parent is willing and able to provide a safe environment for a child. *Id.* § 263.307(b). Other factors that may be considered when determining whether termination of parental rights is in the best interest of the child include: (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future,

(4) the parental abilities of the individuals seeking custody, (5) programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976) (setting forth the "*Holley* factors" and noting "[t]his listing is by no means exhaustive[]"). No particular *Holley* factor is controlling, and evidence of one factor may be sufficient to support a finding that termination is in the child's best interest. *See M.C. v. Texas Dep't of Family & Protective Servs.*, 300 S.W.3d 305, 311 (Tex. App.—El Paso 2009, pet. denied) ("Undisputed evidence of just one factor may be sufficient to support a finding that termination is in the best interest of a child.") (citing *In the Interest of C.H.*, 89 S.W.3d 17, 27 (Tex. 2002)); *In the Interest of A.P.*, 184 S.W.3d 410, 414 (Tex. App.—Dallas 2006, no pet.).

The best interest determination may rely on direct or circumstantial evidence, subjective facts, and the totality of the evidence. *In the Interest of N.R.T.*, 338 S.W.3d 667, 677 (Tex. App.—Amarillo 2011, no pet.). If, in light of the entire record, no reasonable factfinder could form a firm belief or conviction that termination was in K.S.'s best interest, then we must conclude that the evidence is legally insufficient

14

to support termination. *See In re J.F.C.*, 96 S.W.3d at 266. A parent's criminal history, admissions, past conduct, and inability to maintain a lifestyle free from arrests and incarcerations may be relevant to the best interest determination. *See In the Interest of D.M.*, 58 S.W.3d 801, 814 (Tex. App.—Fort Worth 2001, no pet.). Parental and caregiver illegal drug use and drug-related criminal activity likewise support the conclusion that the child's surroundings endanger her physical or emotional well-being. *See In the Interest of J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.) (citing *In the Interest of S.D.*, 980 S.W.2d 758, 763 (Tex. App.—San Antonio 1998, pet. denied)).

Appellant contends that there was "no evidence" that termination of T.S.'s parental rights was in K.S.'s best interest. We disagree. S.D. testified that in July of 2016, when she was living with K.S. and T.S., T.S. called an ambulance one night because she was hallucinating after she and T.S. had taken "meth" and CPS subsequently took K.S. away. A special investigator for the Department testified that she drafted a safety plan in this case and that T.S. refused to sign it. P.H. testified that K.S. lived in her home for a time, and P.H. knew that both S.D. and T.S. had a history of using "meth" and that T.S. had refused to take drug tests. A former investigator for CPS and worker at Children's Safe Harbor testified that she spoke with T.S. about taking a drug test and that T.S. refused to do so. A caseworker for

the Department testified that he met with T.S. to go over his service plan, T.S. refused to sign the plan, and at the time of trial, T.S. was not in compliance with his plan. The caseworker read portions of a status report, which included the following regarding T.S.:

> . . . Father has substantial criminal history. Father has reported drug history and has declined to take a drug screening. Father has demonstrated irate emotional state in dealing with the Department. Father has not demonstrated a safe and stable environment. Father has not provided proof of employment. . . . Both mother and father have not provided a proof of safe and stable living environment. Father has considerable criminal history. Both mother and father . . . have drug use. Father has demonstrated negative interaction with the Department. . . . Father is hostile and uncooperative with the Department. . . .

A home assessment report for S.D.'s parents that was completed by a representative of the Department in November of 2016 stated that T.S. was then incarcerated and that K.S. was "exposed to drugs while in the home with the biological parents." Judgments of conviction for T.S. were entered into evidence, including a 2000 conviction for driving with a suspended license and a 2003 conviction for burglary of a motor vehicle.

Viewing the record as a whole, we find that the evidence legally sufficient to support the trial court's finding that termination of T.S.'s parental rights is in the best interest of the child. We therefore overrule issue three. Having already found sufficient evidence to support at least one statutory predicate for termination, we

16

affirm the trial court's final order. *See In re C.A.C.*, 2011 Tex. App. LEXIS 3385, at **13-14.

AFFIRMED.

                                            _____

                                               LEANNE JOHNSON
                                                  Justice

Submitted on December 4, 2017
Opinion Delivered February 1, 2018

Before McKeithen, C.J., Kreger and Johnson, JJ.